IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-MJ-1788-WW-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| HORTENCIA AGUIRRE-VERDUZCO, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a special agent with Immigration and Customs Enforcement. Defendant presented the testimony of a friend of hers as a proposed third-party custodian and introduced into evidence a letter from another friend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required if she is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 17 October 2011 with knowingly making on 21 May 2007 a false statement with respect to a material fact in an application required by the immigration laws and regulations, in violation18 U.S.C. § 1546(a), and knowingly making on the same date a false statement in a matter relating to the registry of aliens, in violation of 18 U.S.C. §

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

1015. The charges arise from defendant's mailing on the alleged offense date of a medical form in support of her application for permanent residency status. Defendant states in the form that her country of birth was Guatemala. In fact, though, ICE records indicate that defendant was born in Mexico. In the permanent residency application itself, filed on 27 July 2006, defendant also stated that she was born in Guatemala. She had done so as well in her application for asylum, filed on 7 May 1994. On 12 February 1997, defendant had provided immigration authorities a Guatemalan birth certificate and Guatemalan national identity card that were later determined to be fraudulent. Further, defendant stated to a physician who performed an independent medical evaluation for immigration purposes in August 2003 that she had no siblings, when in fact she has at least one brother and one sister.

The authorities conducted a search of defendant's residence pursuant to a search warrant on 22 August 2011. The search yielded the fraudulent Guatemalan documents referenced above, along with multiple Mexican identification documents for defendant. After *Miranda* warnings, defendant confessed to agents that she obtained her immigration status by fraudulently claiming that she was from Guatemala and submitting counterfeited supporting documents to immigration authorities.

Defendant was arrested at her residence on 31 October 2011. She had refused to allow agents to enter for over an hour and did so only after intervention of a friend, the proposed third-party custodian, whose assistance the agents enlisted. The agents arranged for defendant's 9-year-old daughter to leave the home before defendant was placed under arrest so that the daughter would not witness it. In the presence of the agents, defendant told her daughter to retrieve her book bag and "the black bag" from upstairs to take with her. Visual inspection of the contents of the black bag revealed it to contain a purported deed of her home to her cousin and immigration and business documents. The agents seized the black bag as evidence.

Defendant is an owner of a cleaning business. Her home, which if fully paid for, is worth about $300,000. Authorities have seized an account of hers containing in excess of $500,000.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the fraud-related nature of the offenses charged; defendant's status as a foreign national apparently in the United States illegally; the existence of an ICE detainer against defendant; the circumstances of the offenses charged, including defendant's repeated fraudulent misrepresentations regarding her nationality and other aspects of her life over the course of more than a decade, defendant's apparent attempt to secrete assets and evidence from the government, and defendant's involvement of her own daughter in her apparent effort to secrete evidence (by directing her to retrieve the black bag to take with her); defendant's possession of relatives in North Carolina (including siblings whose existence she had denied), who could conceivably facilitate flight; the substantial assets defendant has accumulated and the possibility that the government has not seized them all or otherwise made them all unavailable to defendant; the potential prison term defendant faces if convicted; the unsuitability of the proposed third-party custodianship based on the substantial risk of flight defendant presents and the questionable degree to which the proposed third-party custodian would have an incentive to supervise defendant as required; and, as indicated, the other findings and reasons stated in open court.

The court considered information offered as mitigating, but finds that the factors favoring detention outweigh such information. For example, although defendant did not flee between the time of the search of her home and her arrest, she retains an intense incentive to flee. She faces a prison term followed by deportation. Although defendant's lack of a criminal record would limit

the guidelines range for any term of incarceration, her relatively affluent background suggests that she would view any time in custody as extremely onerous. For similar reasons, defendant's social and economic ties to the community are not sufficient to offset the other considerations favoring detention.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 8 day of November 2011.

James E. Gates
United States Magistrate Judge